Justice EISMANN,
specially concurring.
I concur in the majority opinion, but write to add additional information.
Alleged ambiguily based upon Idaho Code section 72-418. Idaho Code section 72-431 begins, “When an employee who has sustained disability compensable as a scheduled or unscheduled permanent disability less than total....” The statute refers to “disability compensable as a scheduled ... permanent disability less than total.” TPC’s argument that the word disability here should be read as impairment is based upon the wording of Idaho Code section 72-428. That statute provides in part:
72-428. Scheduled income benefits for loss or losses of use of bodily members. An- employee who suffers a permanent disability less than total and permanent shall, in addition to the income benefits payable during the period of recovery, be paid income benefits for such permanent disability in an amount equal to fifty-five percent (55%) of the average weekly state wage stated against the following scheduled permanent impairments respectively:-
According to TPC, this statute provides for benefits based upon an impairment rating, but refers to an employee suffering a “permanent disability,” showing that the word “disability” sometimes means “impairment.” Under Idaho Code section 72-425, an impairment rating is simply one factor to be considered in determining permanent disability.[2] *230 Because TPC has already paid benefits based upon Mayer’s impairment rating, it would not have to pay any additional benefits if the word “disability” in section 72-431 really means “impairment.” TPC’s argument is based upon a misunderstanding of section 72-428.
Idaho Code section 72-428 sets forth specific disability ratings for specified injuries. There are three categories of injuries listed: subsection (1), complete or partial amputation of the upper extremities; subsection (2), complete or partial amputation of the lower extremities; and subsection (3), loss of vision in one eye or of total binaural hearing. TPC contends that because the statute sets forth disability ratings for “the following scheduled permanent impairments,” the words disability and impairment must mean the same thing and the statute must really be referring to impairment ratings, not disability ratings.
Prior to 1971, there was no statutory definition of impairment in the worker’s compensation law. Thus, the prior versions of section 72-428, beginning in 1917, referred to the scheduled injuries. Ch. 81, § 21, 1917 Idaho Sess. Laws 252, 264-65; Ch. 222, § 3, 1931 Idaho Sess. Laws 434, 436-37; Ch. 241, § 2, 1937 Idaho Sess. Laws 432, 432-33; Ch. 212, § 1,1959 Idaho Sess. Laws 466, 467-68. Since 1917, the various versions of what is now section 72-428 have awarded disability benefits for specified injuries, without taking into account whether the injury impacted the particular claimant’s ability to engage in employment.
Thus, in Gentry v. Bano, Inc., 91 Idaho 790, 430 P.2d 681 (1967), the worker had lost the sight in his right eye due to a nonindustrial accident, and the treating physician had stated that there was “absolutely (no) remote possibility that (respondent’s right eye’s) vision would have ever returned.” Id. at 791, 430 P.2d at 682. Thereafter, an industrial accident required the surgical removal of his blind right eye. Id. This Court held that the worker was entitled to the disability benefits set forth in Idaho Code section 72-313 (1949) (a prior version of section 72-428) for the surgical removal of a permanently blind eye. Obviously, the surgical removal of the blind eye did not impact his ability to engage in employment.
In Close v. General Construction Co., 61 Idaho 689, 106 P.2d 1007 (1940), an industrial accident caused a compound fracture of a worker’s right leg, for which he was awarded disability benefits. Id. at 691, 106 P.2d at 1007. Later, complications arose from the injury that required the amputation of his leg about four inches below the knee. Id. The issue was whether he was entitled to the disability benefits set forth in Idaho Code section 43-1113 (1932) (a prior version of section 72-428). Id. at 692, 106 P.2d at 1007-08. In holding that he was, this Court stated:
Another thing that should be considered in this connection is the pain and suffering and physical and financial loss which the workman sustains by reason of one of these injuries. The legislature must have intended, in fixing this schedule of indemnities, to take into consideration in some measure all these elements, along with loss of earning power, going to make up the loss to a workman who loses a member of his body in the course of his employment.
Id. at 695, 106 P.2d at 1009.
When the worker’s compensation statutes were substantially revised in 1971, the legislature changed the word injuries to impairments in Idaho Code section 72-428. The prior version began:
72-313. SPECIFIC INDEMNITIES FOR CERTAIN INJURIES.—An employee, who suffers a permanent injury less than total, shall, in addition to compensation, if any, for temporary total and temporary partial disability, be entitled to specific indemnity for such permanent injury equal to 60% of his average weekly wages, but not more than $30 nor less than $15 per week for the periods of time stated against the following scheduled injuries respectively: ....
*231 Ch. 212, § 1, 1959 Idaho Sess. Laws 466, 467 (codified as- Idaho Code section 72-513 (1959)).
The 1971 legislation changed the wording so that it was as follows:
72-428. SCHEDULED INCOME BENEFITS FOR LOSS OR LOSSES OF USE OF BODILY MEMBERS.—An employee who suffers a permanent disability less than total and permanent shall, in addition to the income benefits payable during the period of recovery, be'paid income benefits for such permanent disability in an amount equal to fifty-five percent (55%) of the average weekly state wage stated against the following scheduled permanent impairments respectively:.,'■ ■
Ch. 124, § 3,1971 Idaho Sess. Laws 422, 456.
Changing the wording from “permanent injury” to “permanent disability” did not mean that the statute no longer awarded benefits for statutorily determined disability ratings resulting from the scheduled injuries. The forerunners of Idaho Code section 72-428 had always listed disability awards for specific injuries that were permanent losses of parts or all of an extremity or were the loss of hearing or eyesight.
The 1971 legislation also changed the wording “the following scheduled injuries” to “the following scheduled permanent impairments.” Ih Idaho Code section 72-428, there is no difference between a scheduled injury or a scheduled permanent impairment. The 1971 legislation defined “permanent impairment” as “any anatomic or functional abnormality or loss after maximal medical rehabilitation has been achieved and which abnormality or loss, medically, is considered stable or nonprogressive at the time of evaluation.” Id. at 455. The loss of the listed body parts, eyesight, or' hearing would constitute' permahént impairments under that definition. Changing the wording from “scheduled injuries” to. “scheduled permanent impairments” could not reasonably be construed as indicating that the legislature confused “disability” with “impairment.”
Alleged ambiguity , based upon the word “specified.” Idaho .Code section 72-431 states that the employee is, under the circumstances set forth in the statute, entitled to “the income benefits specified and unpaid at the employee’s death, whether or not accrued or due at the time of his death, shall be paid, under an award made before or after such death.” (Emphasis added.) TPC contends that the word “specified” means that the benefits must have been determined pri- or to the employee’s death. The statute itself shows the fallacy of that argument. It provides that the benefits shall be paid “under an award made before or after such death.” I.C. § 72-431 (emphasis added). TPC could not explain why these words do not mean what they say.

. Idaho Code section 72-425 states:
Permanent disability evaluation. "Evaluation (rating) of permanent disability” is an appraisal of the injured employee’s present and probable future ability to engage in gainful activity as it is affected by the medical factor of
*230 permanent impairment and by pertinent non-medical factors as provided in section 72-430, Idaho Code.